**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.*,   ) | |
| **STEPHANIE STRONG BLANKENSHIP,**   ) | |
| ) | |
| **Plaintiffs,**   ) | |
| **v.**   ) | **Civil Action No. 2:19-00104-KD-N** |
| ) | |
| **LINCARE, INC.,**   ) | |
| ) | |
| **Defendant.**   ) | |

## ORDER

This action is before the Court on Plaintiff-Relator Stephanie Strong Blankenship and

Defendant Lincare, Inc.'s joint stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)

(doc. 46). Upon consideration, and for the reasons set forth herein, this action is dismissed with

prejudice as to the claims, counts, and causes of action asserted by Blankenship and dismissed

without prejudice as to the rights of the United States. The Clerk is directed to close this action.

I. Background

On March 6, 2019, Blankenship, a former Lincare employee, filed a three-count sealed

complaint against Lincare, Inc. and Lincare Holdings, Inc. (doc. 1). She alleged causes of action

under the False Claims Act, 31 U.S.C. § 3729 *et seq*. Specifically, in Counts I and II, Blankenship

alleged *qui tam* causes of action for violations of 31 U.S.C. § 3729(a)(1)(A) and (B), respectively.

In Count III, she alleged a violation of the False Claim Act's anti-retaliation provision, 31 U.S.C. §

3730(h).

The United States elected not to intervene in this action (doc. 7). The Court unsealed the

complaint and directed Blankenship to serve the defendants (doc. 8). Blankenship later amended the

complaint to drop all claims against Lincare Holdings, Inc. and it was dismissed from the action

(doc. 23). Subsequently, Lincare's motion to dismiss was denied in part and granted in part (doc.

35). The action proceeded to discovery (doc. 45, Rule 16(b) Scheduling Order).

    II. <u>Analysis</u>

    Blankenship and Lincare now stipulate to dismissal of this action with prejudice as to Blankenship's claims, counts, and causes of action asserted in this action (doc. 46). Pursuant to 31 U.S.C. § 3730(b)(1), the Attorney General, acting through the Assistant United States Attorney, gives written consent to dismissal without prejudice to the rights of the United States, and states its reasons for the consent (Id.). Specifically, consent was based upon the United States' review of the allegations and the evidence and its determination that dismissal was commensurate with the public interest. The United States also acknowledges that it has no interest in Count III, brought pursuant to 31 U.S.C. § 3730(h).

    The relevant statute, 31 U.S.C. § 3730(b)(1), provides that actions by "private persons . . . may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." <u>See</u> <u>Jallali v. Nova Se. Univ., Inc.</u>, 486 Fed. Appx. 765, 767 (11th Cir. 2012) ("The consent requirement in § 3730(b)(1) applies only to voluntary dismissals."). As required, the Attorney General has given written consent and his reasons for consenting.

    III. <u>Conclusion</u>

    Upon consideration, the stipulation of dismissal is approved by the Court. Accordingly, all claims, counts, and causes of action alleged in the First Amended Complaint are dismissed with prejudice as to Plaintiff-Relator Blankenship. Counts I and II of the First Amended Complaint are dismissed without prejudice to the rights of the United States.

    **DONE** and **ORDERED** this the 2nd day of August 2021.

                <u>s/ Kristi K. DuBose</u>
                KRISTI K. DuBOSE
                CHIEF UNITED STATES DISTRICT JUDGE